# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER CHIRAS, | ) | |
| Plaintiff, | ) ) ) | Civil No. 10-40168-FDS |
| v. | ) ) | |
| TD BANK, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**SAYLOR, J.**

On August 26, 2010, plaintiff Christopher Chiras filed a very brief self-prepared complaint against TD Bank and Stan Kadelski. The complaint sought damages for alleged violations of the Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA"), 31 U.S.C. §§ 5361-5367, and appeared to assert state law claims arising out of those violations. On September 23, 2010, the Court issued a Memorandum and Order granting plaintiff's motion for leave to proceed *in forma pauperis* and directing him to demonstrate good cause why the case should not be dismissed for lack of subject matter jurisdiction and failure to state a claim. In response, on September 30, 2010, plaintiff filed an amended complaint that asserts claims only against TD Bank. The amended complaint asserts that this Court has exclusive jurisdiction over claims arising under UIGEA. The amended complaint also appears to claim jurisdiction based on diversity of citizenship. On the basis of the amended complaint, the Court issued an order on October 26 allowing the action to proceed.

Defendant has now moved to dismiss the complaint for failure to state a claim. For the reasons given below, defendant's motion will be granted.

The UIGEA does not provide a private right of action for damages. *See* 31 U.S.C. §§ 5364, 5365, 5366 (regulatory enforcement, federal/state enforcement, and criminal enforcement, respectively); *Interactive Media Entertainment and Gaming Ass'n v. U.S. Attorney General*, 2008 WL 5586713, at *1 (D. N.J. Mar. 4, 2008) ("UIGEA, in addition to criminal penalties, provides that state and federal authorities may bring civil proceedings to enjoin any transaction prohibited thereunder . . . [and] authorizes . . . regulations[,] . . . compliance with which is subject to exclusive federal regulatory enforcement."), *aff'd*, 580 F.3d 113, 114 (3d Cir. 2009) ("[T]he [UIGEA] . . . provides that federal and state authorities may bring civil proceedings to enjoin any transaction prohibited under the Act."); *In re Baum*, 386 B.R. 649, 659 (Bankr. N.D. Ohio 2008) ("UIGEA does not provide for private enforcement even of its provision for civil remedies."). Plaintiff thus has no standing to bring a claim under the UIGEA. As a result, the amended complaint has failed to state a claim upon which relief can be granted to the extent it is based on a violation of the UIGEA. Fed. R. Civ. P. 12(b)(6).

Plaintiff also contends that the bank's violation of the UIGEA defrauded him in some way. Under Fed. R. Civ. P. 9(b), the circumstances constituting an alleged fraud must be stated "with particularity." The pleadings disclose no statement of any kind by defendant, nor do they allege reliance of any kind. *See Meadwestvaco Corp. v. Worcester New Bond LLC*, 2009 WL 971273, at *10 (Mass. Super. Ct. Jan. 6, 2009) (elements of fraud include a false representation by defendant and plaintiff's justifiable reliance on that representation). Thus, the amended complaint has also failed to state a claim for fraud under Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Defendant's motion for a more definite statement is DENIED as moot.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: April 15, 2011